ARTHUR RUSHTON *vs.* AXEL E. ANDERSEN.

JUNE 28, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)　Brokers.　Dealing with Principal.*

Where complainant as broker for respondent, produced a purchaser for real estate of respondent, and later took an assignment of the contract from the purchaser; assuming that complainant was not the undisclosed principal of the purchaser and that as he claimed, respondent agreed to sell to him at the price mentioned in the agreement, complainant having failed to show that he disclosed the fact that he had a customer for a larger price than the price mentioned in agreement, is not entitled to specific performance.

*(2)　Brokers.　Dealing with Principal.*

A broker is not permitted to make any secret profits. It is the broker's duty before purchasing from his principal to disclose to him every material fact known to the broker, and the burden is on the broker to prove that he acted in the strictest good faith.

BILL IN EQUITY for specific performance. Heard on appeal of respondent and sustained.

RATHBUN, J. This is a bill in equity to compel specific performance of an alleged contract for the sale of real estate.

The justice who heard the case in the Superior Court entered a decree directing the respondent to convey said real estate to the complainant upon his payment of $11,900, the balance of the alleged purchase price, to the respondent. The cause is before us on the respondent's appeal from said decree.

The complainant became the broker of the respondent to sell the real estate in question. Thereafter, the complainant, while acting as broker as aforesaid, produced one Adolph Shapiro and represented to the respondent that said Shapiro was a customer for said real estate at the respondent's asking price, $12,000. The respondent received $100 from either Shapiro or the complainant, and an agreement in writing, whereby the respondent agreed to sell and said Shapiro agreed to buy said real estate for $11,900, was signed by the respondent and said Shapiro. The agreement provided that a sale would be made for $11,900 to Shapiro or to his order. The bill alleges that Shapiro assigned his interest in the contract to the complainant; that the respondent assented to the assignment and promised to convey to the complainant. The respondent denied that he knew of the assignment or promised to accept the complainant as a purchaser. It appeared in evidence that the complainant, after the alleged assignment from Shapiro, entered into a written agreement with one Schwab for the sale and purchase of said real estate at a price $500 in advance of the price which Shapiro agreed to pay.

The main issue before said justice appears to have been whether either Shapiro or the complainant, acting either for himself or Shapiro, offered, within the time fixed in said agreement in writing, to pay the purchase price and accept a deed of the real estate. The finding was that the complainant or Shapiro did offer within said time to pay the purchase price and accept a deed.

The established facts create a strong suspicion that Shapiro was only a nominal party to said agreement in writing and that the complainant was an undisclosed principal of Shapiro.—It does not appear that said justice con-

sidered the question.—If such suspicion is well-founded, the complainant, while acting as broker to sell for the respondent, secured an agreement to sell indirectly to himself. Such an underhanded transaction by an agent in violation of his duty to keep his principal fully advised as to all facts material to his interest is not countenanced by law.   9 C. J. p. 538.

So far as the record discloses the justice made no finding on the issue whether the respondent promised to convey to the complainant, but assuming that the respondent did so promise, it does not appear that he was informed of the fact that the complainant had a customer for the property at a price in excess of the amount which the respondent was to receive.

While an agent is acting as a broker to sell property it is his duty to secure as large a price as he is able for his principal and to inform his principal of all material facts.   A broker is not permitted to make any secret profits; if he obtains an offer for a certain amount and, without disclosing the fact, obtains an agreement for the sale of the property for a less amount to himself, such agreement is voidable at the option of the principal.   See 9 C. J. 537 to 540.   Such a relation of trust and confidence exists between a principal and his broker that the former has the right to expect the latter to exercise absolute good faith.   It is the broker's duty, before purchasing from his principal, to disclose to him every material fact known to the broker, and when a transaction such as we have before us is seasonably challenged, a presumption of its invalidity arises.   The burden is upon the broker to prove affirmatively that he acted in the strictest good faith.   When the confidential relation and the transaction have been shown, the burden is cast upon the broker to show not only that the bargain was fair and equitable but that there was, on his part, no suppression or concealment of facts, which if known to the principal might have influenced his conduct in the transaction.   *Rochester* v. *Levering,* 104 Ind. 562.   See also 11 Encyc. of Ev. 546 and cases cited.

Even if we assume that the complainant was not the undisclosed principal of Shapiro and that the respondent agreed to sell to the complainant at the price mentioned in said agreement in writing, the complainant having failed to show that he disclosed the fact that he had a customer who was willing to pay $500 more, it follows that the complainant is not entitled to specific performance.

The respondent's appeal is sustained. The decree appealed from is reversed and the cause is remanded to the Superior Court with direction to dismiss the bill.

*George J. Sheehan*, for plaintiff.

*Walter J. Hennessey*, for respondent.